## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **CYNTHIA PAULS,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** _____ |
| | § | |
| **THE PRUDENTIAL INSURANCE** | § | |
| **COMPANY OF AMERICA and PRUCO** | § | |
| **LIFE INSURANCE COMPANY** | § | |
| *Defendants.* | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Cynthia Pauls files this Original Complaint against Defendant The Prudential Insurance Company of America and Defendant Pruco Life Insurance Company, and would show as follows:

### I.
### Introduction

1.　This action is brought to secure recovery of a death benefit payable under the terms of an individual life insurance policy issued to Plaintiff Cynthia Pauls on the life of her husband, David Ballinger (deceased).

2.　Plaintiff brings this claim to recover the benefit payable, plus associated and further relief as the Court may deem just under the circumstances.

**II.**
**Parties**

3.      Plaintiff is an individual and a citizen of Texas.

4.      Defendant **The Prudential Insurance Company of America** is a New Jersey corporation.

5.      Defendant **The Prudential Insurance Company of America** has its principal place of business in Pennsylvania.

6.      Defendant **The Prudential Insurance Company of America** may be served through its agent for service of process by serving CT Corporation System, 450 Veterans Memorial Parkway, Suite 7A, East Providence, RI 02914.

7.      Defendant **Pruco Life Insurance Company** is an Arizona corporation.

8.      Defendant **Pruco Life Insurance Company** has its principal place of business in New Jersey.

9.      Defendant **Pruco Life Insurance Company** may be served through its agent for service of process by serving CT Corporation System, 818 West Seventh St., Suite 930, Los Angeles, CA 90017.

**III.**
**Jurisdiction and Venue**

10.     This Court has subject matter jurisdiction over this case because it is a lawsuit between parties of diverse citizenship and the amount in controversy exceeds $500,000 exclusive of interest and costs.  *See* 28 U.S.C. § 1332.

11.     Defendant **The Prudential Insurance Company of America** is licensed to do business in the State of Texas.

12. Defendant **The Prudential Insurance Company of America** represents on http://corporate.prudential.com that it is licensed to do business in the State of Texas.

13. Defendant **The Prudential Insurance Company of America** currently does business in the State of Texas.

14. Defendant **The Prudential Insurance Company of America** currently does business in Dallas County, Texas.

15. Defendant **The Prudential Insurance Company of America** sells life insurance policies in the State of Texas.

16. Defendant **The Prudential Insurance Company of America** sells life insurance policies in Dallas County, Texas.

17. Defendant **Pruco Life Insurance Company** is licensed to do business in the State of Texas.

18. Defendant **Pruco Life Insurance Company** represents on http://corporate.prudential.com that it is licensed to do business in the State of Texas.

19. Defendant **Pruco Life Insurance Company** currently does business in the State of Texas.

20. Defendant **Pruco Life Insurance Company** currently does business in Dallas County, Texas.

21. Defendant **Pruco Life Insurance Company** sells life insurance policies in the State of Texas.

22. Defendant **Pruco Life Insurance Company** sells life insurance policies in Dallas County, Texas.

23.     This Court may properly exercise personal jurisdiction over Defendant **The Prudential Insurance Company of America** because it maintains continuous and systematic contacts with the State of Texas.

24.     This Court may properly exercise personal jurisdiction over **Defendant Pruco Life Insurance Company** because it maintains continuous and systematic contacts with the State of Texas.

25.     Defendant **The Prudential Insurance Company of America** can currently be found doing business in the Northern District of Texas.

26.     Defendant **Pruco Life Insurance Company** can currently be found doing business in the Northern District of Texas.

27.     Venue is proper in this Court.

## IV.
## Factual Background

28.     At all times material herein, Plaintiff Cynthia Pauls was the named beneficiary of life insurance policy number L9136771 issued to the Plaintiff insuring the life of her husband, David Ballinger ("The Policy").

29.     The Policy called for Plaintiff Cynthia Pauls to be paid Five Hundred Thousand Dollars ($500,000) in death benefits in the event of the death of David Ballinger for a "covered loss" within the meaning of that phrase in The Policy.

30.     The Policy was issued by Defendant **The Prudential Insurance Company of America**.

31.      The Policy was issued by Defendant **Pruco Life Insurance Company.**

32.     Defendant **The Prudential Insurance Company of America** and Defendant **Pruco Life Insurance Company** are sometimes collectively referred to throughout this Complaint as "Prudential".

33.     The Policy was delivered to Plaintiff and David Ballinger while Plaintiff and David Ballinger were physically in The State of Louisiana.

34.     At the time of and throughout the entire application process for The Policy, Plaintiff and David Ballinger lived in the State of Louisiana.

35.     Up to the time of death of David Ballinger and at all times material herein, Cynthia Pauls was a covered person under the terms of the Policy.

36.     At all times material herein, up to and including the time of death of David Ballinger, Cynthia Pauls was the wife of David Ballinger.

37.     At the time of his death and at all times material herein, David Ballinger was a covered person under the terms of the Policy.

38.     The Policy was in full force and effect throughout May of 2015 and at all times material herein, including at the time of the death of David Ballinger.

39.     The Policy was not an ERISA plan and/or ERISA policy pursuant to the Employee Retirement Income Security Act of 1974.

40.     David Ballinger died on or about May 27, 2015.

41.     Terry Welke, Coroner for Calcasieu Parish, concluded that David Ballinger's death was caused by hypertensive cardiovascular disease.

42.     Defendant **The Prudential Insurance Company of America** is unaware of any doctor who has ever opined, orally or in writing, that David Ballinger's death was caused by anything other than hypertensive cardiovascular disease.

43.   Defendant **Pruco Life Insurance Company** is unaware of any doctor who has ever opined, orally or in writing, that David Ballinger's death was caused by anything other than hypertensive cardiovascular disease.

44.   David Ballinger died from hypertensive cardiovascular disease.

45.   Terry Welke concluded that David Ballinger's death was natural.

46.   Defendant **The Prudential Insurance Company of America** is unaware of any doctor who has ever opined, orally or in writing, that David Ballinger's death was caused by anything other than a death of natural causes.

47.   Defendant **Pruco Life Insurance Company** is unaware of any doctor who has ever opined, orally or in writing, that David Ballinger's death was caused by anything other than a death of natural causes.

48.   David Ballinger died from natural causes.

49.   Terry Welke concluded that David Ballinger's prostate had nothing to do with his death.

50.   Defendant **The Prudential Insurance Company of America** is unaware of any doctor who has ever opined, orally or in writing, that David Ballinger's death was caused by anything related to his prostate.

51.   Defendant **Pruco Life Insurance Company** is unaware of any doctor who has ever opined, orally or in writing, that David Ballinger's death was caused by anything related to his prostate.

52.   David Ballinger's prostate had nothing to do with his death.

53.   David Ballinger's death was "in the term period" within the meaning of that phrase in the Policy.

54.     David Ballinger's death happened "while [he was] an insured … covered by" the Policy within the meaning of that phrase in the Policy.

55.     David Ballinger's death resulted "in a covered loss" within the meaning of that phrase in the Policy.

56.     David Ballinger's death was not "caused by [… ] any of the Exclusions listed" of the Policy within the meaning of that phrase in the Policy.

57.     Plaintiff is entitled to the full death benefit and all other benefits available under the Policy as a result of the death of David Ballinger.

58.     After her husband's death, Plaintiff submitted a timely, proper and complete claim for payment of The Policy's benefits to Defendant **The Prudential Insurance Company of America**.

59.     After her husband's death, Plaintiff submitted a timely, proper and complete claim for payment of The Policy's benefits to Defendant **Pruco Life Insurance Company**.

60.     Plaintiff's claim for benefits under The Policy was denied.

61.     The decision to deny Plaintiff's claim for benefits under The Policy was made by Defendant **The Prudential Insurance Company of America**.

62.     The decision to deny Plaintiff's claim for benefits under The Policy was made by Defendant **Pruco Life Insurance Company**.

63.     At the time of application for the Policy, David Ballinger provided Prudential with the name of every doctor he had seen for any reason in the five (5) years prior to the making of the application.

64.     David Ballinger did not intentionally, in the application for the Policy, withhold from Prudential the name of any doctor he had seen for any reason in the five (5) years prior to the making of the application.

65.     Defendant **The Prudential Insurance Company of America** is unaware of the identity of any doctor or medical care provider that David Ballinger had seen for any reason in the five (5) years prior to the making of the application that David Ballinger withheld from Prudential in the application process for the Policy.

66.     Defendant **Pruco Life Insurance Company** is unaware of the identity of any doctor or medical care provider that David Ballinger had seen for any reason in the five (5) years prior to the making of the application that David Ballinger withheld from Prudential in the application process for the Policy.

67.     Defendant **The Prudential Insurance Company of America** is unaware of the identity of any doctor or medical care provider that David Ballinger had seen for any reason in the five (5) years prior to the making of the application that David Ballinger intentionally withheld from Prudential in the application process for the Policy.

68.     Defendant **Pruco Life Insurance Company** is unaware of the identity of any doctor or medical care provider that David Ballinger had seen for any reason in the five (5) years prior to the making of the application that David Ballinger intentionally withheld from Prudential in the application process for the Policy.

69.     Defendant **The Prudential Insurance Company of America** is unaware of any document that states or suggests or leads them to conclude that David Ballinger, in making of the application for the Policy, had a subjective intent to deceive Prudential.

70.     Defendant **Pruco Life Insurance Company** is unaware of any document that states or suggests or leads them to conclude that David Ballinger, in making of the application for the Policy, had a subjective intent to deceive Prudential.

71.     No person, including physician of any type, has ever made any statement to Defendant **The Prudential Insurance Company of America**, written or oral, that it contends supports the notion that David Ballinger, in making of the application for the Policy, had a subjective intent to deceive Prudential.

72.     No person, including physician of any type, has ever made any statement to Defendant **Pruco Life Insurance Company**, written or oral, that it contends supports the notion that David Ballinger, in making of the application for the Policy, had a subjective intent to deceive Prudential.

73.     At the time of application for the Policy, David Ballinger had a clean bill of health related to his prostate.

74.     Defendant **The Prudential Insurance Company of America** is unaware of any document that states or suggests that, at the time of making application for the Policy, David Ballinger had anything other than a clean bill of health related to his prostate.

75.     Defendant **Pruco Life Insurance Company** is unaware of any document that states or suggests that, at the time of making application for the Policy, David Ballinger had anything other than a clean bill of health related to his prostate.

76.     No person, including physician of any type, has ever advised or told Defendant **The Prudential Insurance Company of America** that, at the time of making application for the Policy, David Ballinger had anything other than a clean bill of health related to his prostate.

77.     No person, including physician of any type, has ever advised or told Defendant **Pruco Life Insurance Company** that, at the time of making application for the Policy, David Ballinger had anything other than a clean bill of health related to his prostate.

78.     At the time of application for the Policy, David Ballinger subjectively believed that he had a clean bill of health related to his prostate.

79.     Defendant **The Prudential Insurance Company of America** is unaware of any document that states or suggests that, at the time of making application for the Policy, David Ballinger subjectively believed that he had anything other than a clean bill of health related to his prostate.

80.     Defendant **Pruco Life Insurance Company** is unaware of any document that states or suggests that, at the time of making application for the Policy, David Ballinger subjectively believed that he had anything other than a clean bill of health related to his prostate.

81.     No person, including physician of any type, has ever advised or told Defendant **The Prudential Insurance Company of America** that, at the time of making application for the Policy, David Ballinger subjectively believed that he had anything other than a clean bill of health related to his prostate.

82.     No person, including physician of any type, has ever advised or told Defendant **Pruco Life Insurance Company** that, at the time of making application for the Policy, David Ballinger subjectively believed that he had anything other than a clean bill of health related to his prostate.

83.     At the time of application for the Policy, David Ballinger subjectively believed that his prostate was normal.

84.     Defendant **The Prudential Insurance Company of America** is unaware of any document that states or suggests that, at the time of making application for the Policy, David Ballinger subjectively believed anything other than his prostate was normal.

85.     Defendant **Pruco Life Insurance Company** is unaware of any document that states or suggests that, at the time of making application for the Policy, David Ballinger subjectively believed anything other than his prostate was normal.

86.     No person, including physician of any type, has ever advised or told Defendant **The Prudential Insurance Company of America** that, at the time of making application for the Policy, David Ballinger subjectively believed anything other than his prostate was normal.

87.     No person, including physician of any type, has ever advised or told Defendant **Pruco Life Insurance Company** that, at the time of making application for the Policy, David Ballinger subjectively believed anything other than his prostate was normal.

88.     At the time of application for the Policy, David Ballinger subjectively believed that his prostate and its condition and history posed no risk or concern of any kind related to his application for and issuance of the Policy.

89.     Defendant **The Prudential Insurance Company of America** is unaware of any document that states or suggests that, at the time of making application for the Policy, David Ballinger subjectively believed his prostate and its condition and history posed a risk or concern of any kind related to his application for and issuance of the Policy.

90.     Defendant **Pruco Life Insurance Company** is unaware of any document that states or suggests that, at the time of making application for the Policy, David Ballinger

subjectively believed his prostate and its condition and history posed a risk or concern of any kind related to his application for and issuance of the Policy.

91.     No person, including physician of any type, has ever advised or told Defendant **The Prudential Insurance Company of America** that, at the time of making application for the Policy, David Ballinger subjectively believed his prostate and its condition and history posed a risk or concern of any kind related to his application for and issuance of the Policy.

92.     No person, including physician of any type, has ever advised or told Defendant **Pruco Life Insurance Company** that, at the time of making application for the Policy, David Ballinger subjectively believed his prostate and its condition and history posed a risk or concern of any kind related to his application for and issuance of the Policy.

93.     At the time of application for the Policy, David Ballinger had no intent to deceive or misrepresent facts in connection to his application.

94.     Defendant **The Prudential Insurance Company of America** is unaware of any document that states or suggests that, at the time of making application for the Policy, David Ballinger had subjective intent to deceive or misrepresent facts in connection to his application.

95.     Defendant **Pruco Life Insurance Company** is unaware of any document that states or suggests that, at the time of making application for the Policy, David Ballinger had subjective intent to deceive or misrepresent facts in connection to his application.

96.     No person, including physician of any type, has ever advised or told Defendant **The Prudential Insurance Company of America** that, at the time of making application

for the Policy, David Ballinger had subjective intent to deceive or misrepresent facts in connection to his application.

97.     No person, including physician of any type, has ever advised or told Defendant **Pruco Life Insurance Company** that, at the time of making application for the Policy, David Ballinger had subjective intent to deceive or misrepresent facts in connection to his application.

98.     At the time of application for the Policy, David Ballinger had no intent to deceive or misrepresent facts related to his health in connection to his application.

99.     Defendant **The Prudential Insurance Company of America** is unaware of any document that states or suggests that, at the time of making application for the Policy, David Ballinger had an intent to deceive or misrepresent facts related to his health in connection to his application.

100.    Defendant **Pruco Life Insurance Company** is unaware of any document that states or suggests that, at the time of making application for the Policy, David Ballinger had an intent to deceive or misrepresent facts related to his health in connection to his application.

101.    No person, including physician of any type, has ever advised or told Defendant **The Prudential Insurance Company of America** that, at the time of making application for the Policy, David Ballinger had an intent to deceive or misrepresent facts related to his health in connection to his application.

102.    No person, including physician of any type, has ever advised or told Defendant **Pruco Life Insurance Company** that, at the time of making application for the Policy,

David Ballinger had an intent to deceive or misrepresent facts related to his health in connection to his application.

103.   At the time of application for the Policy, David Ballinger had no intent to deceive or misrepresent facts related to the condition of his prostate, current or past, in connection to his application.

104.   Defendant **The Prudential Insurance Company of America** is unaware of any document that states or suggests that, at the time of making application for the Policy, David Ballinger had a subjective intent to deceive or misrepresent facts related to the condition of his prostate, current or past, in connection to his application.

105.   Defendant **Pruco Life Insurance Company** is unaware of any document that states or suggests that, at the time of making application for the Policy, David Ballinger had a subjective intent to deceive or misrepresent facts related to the condition of his prostate, current or past, in connection to his application.

106.   No person, including physician of any type, has ever advised or told Defendant **The Prudential Insurance Company of America** that, at the time of making application for the Policy, David Ballinger had a subjective intent to deceive or misrepresent facts related the condition of his prostate, current or past, in connection to his application.

107.   No person, including physician of any type, has ever advised or told Defendant **Pruco Life Insurance Company** that, at the time of making application for the Policy, David Ballinger had a subjective intent to deceive or misrepresent facts related the condition of his prostate, current or past, in connection to his application.

108.   The only documents or information Defendant **The Prudential Insurance Company of America** is aware of to support its allegation that David Ballinger misrepresented

his medical condition in connection with the application for the Policy are the written medical records of Dr. John DiGiglia and Dr. Farjaad Siddiq.

109.   The only documents or information Defendant **Pruco Life Insurance Company** is aware of to support its allegation that David Ballinger misrepresented his medical condition in connection with the application for the Policy are the written medical records of Dr. John DiGiglia and Dr. Farjaad Siddiq.

110.   Defendant **The Prudential Insurance Company of America** is not aware of the identity of any doctor who believes or contends that David Ballinger had any prostate abnormality at the time of his application for the Policy.

111.   Defendant **Pruco Life Insurance Company** is not aware of the identity of any doctor who believes or contends that David Ballinger had any prostate abnormality at the time of his application for the Policy.

112.   No doctor has told or advised Defendant **The Prudential Insurance Company of America** that they believe or contend that David Ballinger had any prostate abnormality at the time of his application for the Policy.

113.   No doctor has told or advised Defendant **Pruco Life Insurance Company** that they believe or contend that David Ballinger had any prostate abnormality at the time of his application for the Policy.

114.   Defendant **The Prudential Insurance Company of America** is not aware of the identity of any doctor who believes or contends that David Ballinger's death had anything to do with his prostate in any way.

115.    Defendant **Pruco Life Insurance Company** is not aware of the identity of any doctor who believes or contends that David Ballinger's death had anything to do with his prostate in any way.

116.    No doctor has told or advised Defendant **The Prudential Insurance Company of America** that they believe or contend that David Ballinger's death was in any way related to his prostate.

117.    No doctor has told or advised Defendant **T Pruco Life Insurance Company** that they believe or contend that David Ballinger's death was in any way related to his prostate.

118.    If Defendant **The Prudential Insurance Company of America** had actual subjective knowledge and awareness of David Ballinger's prostate history during the application process for the Policy, the Policy would still have been issued for the exact same premium and cost.

119.    If Defendant **Pruco Life Insurance Company** had actual subjective knowledge and awareness of David Ballinger's prostate history during the application process for the Policy, the Policy would still have been issued for the exact same premium and cost.

120.    David Ballinger's actual prostate health history was not material to the decision to issue the Policy.

121.    Defendant **The Prudential Insurance Company of America** had no specific written guideline, rule or protocol in place at the time of the issuance of the Policy that would have altered the issuance or cost of the Policy if they had actual subjective knowledge and awareness of David Ballinger's prostate health history.

---

122.    Defendant **Pruco Life Insurance Company** had no specific written guideline, rule or protocol in place at the time of the issuance of the Policy that would have altered the issuance or cost of the Policy if they had actual subjective knowledge and awareness of David Ballinger's prostate health history.

123.    Prior to June 25, 2015, Plaintiff made a claim with Defendant The Prudential Insurance Company of America for benefits under the Policy.

124.    Prior to June 25, 2015, Plaintiff provided Defendant **The Prudential Insurance Company of America** with all documentation they requested from her related to her claim for benefits under The Policy.

125.    Prior to June 25, 2015, Plaintiff provided Defendant **Pruco Life Insurance Company** with all documentation they requested from her related to her claim for benefits under The Policy.

126.    On June 25, 2015, Defendant **The Prudential Insurance Company of America** acknowledged in writing to Plaintiff that they were in receipt of her claim for benefits under The Policy.

127.    On June 25, 2015, Defendant **Pruco Life Insurance Company** acknowledged in writing to Plaintiff that they were in receipt of her claim for benefits under The Policy.

128.    On June 25, 2015, Defendant **The Prudential Insurance Company of America** acknowledged in writing to Plaintiff that they were in receipt of all documentation they had requested from her in connection with her claim for benefits under The Policy.

129.   On June 25, 2015, Defendant **Pruco Life Insurance Company** acknowledged in writing to Plaintiff that they were in receipt of all documentation they had requested from her in connection with her claim for benefits under The Policy.

130.   Defendant **The Prudential Insurance Company of America** did not possess any medical records from Dr. John DiGiglia regarding David Ballinger prior to August 26, 2015.

131.   Defendant **Pruco Life Insurance Company** did not possess any medical records from Dr. John DiGiglia regarding David Ballinger prior to August 26, 2015.

132.   Defendant **The Prudential Insurance Company of America** did not possess any medical records from Dr. Farjadd Siddiq regarding David Ballinger prior to August 26, 2015.

133.   Defendant **Pruco Life Insurance Company** did not possess any medical records from Dr. Farjadd Siddiq regarding David Ballinger prior to August 26, 2015.

134.   Defendant **The Prudential Insurance Company of America** did not possess any medical records regarding David Ballinger prior to August 26, 2015.

135.   Defendant **Pruco Life Insurance Company** did not possess any medical records regarding David Ballinger prior to August 26, 2015.

136.   Defendant **The Prudential Insurance Company of America** did not possess any medical records from any medical provider regarding the heath and/or history of David Ballinger's prostate prior to August 26, 2015.

137.   Defendant **Pruco Life Insurance Company** did not possess any medical records from any medical provider regarding the heath and/or history of David Ballinger's prostate prior to August 26, 2015.

138.    Defendant **The Prudential Insurance Company of America** did not possess, prior to August 25, 2015, any medical records from any medical provider suggesting or indicating that any statement or representation made by David Ballinger regarding in the application process for The Policy was false or incorrect.

139.    Defendant **Pruco Life Insurance Company** did not possess, prior to August 25, 2015, any medical records from any medical provider suggesting or indicating that any statement or representation made by David Ballinger regarding in the application process for The Policy was false or incorrect.

### V.
### Louisiana Law

140.    Louisiana law is applicable and should be applied to the formation of the insurance contract referred to herein as The Policy.

141.    Louisiana law is applicable and should be applied to any analysis of the insurable interest related to The Policy.

142.    Louisiana law is applicable and should be applied to any analysis and/or interpretation of the application process related to The Policy.

143.    Louisiana law is applicable and should be applied to any analysis and/or attempt to rescind The Policy.

144.    Louisiana law is applicable and should be applied to any issue related to the claims handling of Plaintiff's claim for benefits under The Policy.

145.    In Louisiana, an insurer may only rescind a life insurance policy for misrepresentation in an application if (1) the representations in the application were false; (2) the representations materially affected either the acceptance of the risk or

the hazard assumed by the insurer; and (3) the representations were made with actual intent to deceive. La.Rev.Stat. Ann. § 22:619(B). (2003).

146.    La.Rev.Stat. Ann. § 22:619(B) (2003) is applicable to The Policy and the application process for The Policy.

147.    In order for Defendant **The Prudential Insurance Company of America** to properly rescind The Policy, Defendant **The Prudential Insurance Company of America** must prove, carrying the burden of proof, that David Ballinger had an actual intent to deceive during the application process for The Policy.

148.    In order for Defendant **Pruco Life Insurance Company** to properly rescind The Policy, Defendant **Pruco Life Insurance Company** must prove, carrying the burden of proof, that David Ballinger had an actual intent to deceive during the application process for The Policy.

149.    The falsity of any statement in any application for life insurance in the State of Louisiana shall not bar the right to recovery under the life insurance contract unless the false statement was made with actual intent to deceive and the false statement materially affected either the acceptance of the risk or the hazard assumed by the insurer under the policy. Louisiana Revised Statues 22:860 (formerly La.R.S. 22:619)

150.    Louisiana Revised Statues 22:860 (formerly La.R.S. 22:619) is applicable to The Policy and the application process for The Policy.

151.    All death claims arising under policies of insurance issued or delivered within The State of Louisiana must be paid by the insurer within sixty (60) days after the date of receipt of due proof of death, and if the insurer fails to do so without just cause, the amount due shall bear interest at the rate of eight percent (8%) per annum from date

of receipt of due proof of death by the insurer until paid.  Louisiana Revised Statues 22:656.

152.   Louisiana Revised Statues 22:656 is applicable to Plaintiff's claim for benefits under The Policy.

153.   Defendant **The Prudential Insurance Company of America** owed Plaintiff a duty of good faith and fair dealing in the handling of her claim for benefits under The Policy.

154.   Defendant **Pruco Life Insurance Company** owed Plaintiff a duty of good faith and fair dealing in the handling of her claim for benefits under The Policy.

155.   Louisiana Revised Statues 22:1220 is applicable to Plaintiff's claim for benefits under The Policy.

## VI.
## Count I – Breach of Contract

156.   Plaintiff incorporates by reference the allegations made in paragraphs 28 through 155 above as if fully set forth herein.

157.   Plaintiff entered into a valid and enforceable insuring agreement, The Policy, with Defendant **The Prudential Insurance Company of America**.

158.   Plaintiff entered into a valid and enforceable insuring agreement, The Policy, with Defendant **Pruco Life Insurance Company**.

159.   The Policy has never been rescinded.

160.   Defendant **The Prudential Insurance Company of America** has never asked any Court in any jurisdiction to rescind The Policy.

161.   Defendant **Pruco Life Insurance Company** has never asked any Court in any jurisdiction to rescind The Policy.

162.   Defendant **The Prudential Insurance Company of America** has never had any grounds to rescind The Policy.

163.   Defendant **Pruco Life Insurance Company** has never had any grounds to rescind The Policy.

164.   There have never existed any grounds to rescind The Policy.

165.   Plaintiff is due $500,000 under the terms of The Policy.

166.   Defendants have not paid Plaintiff any benefit under the terms of The Policy as a result of the death of David Ballinger.

167.   Defendants have refused to pay Plaintiff any benefit she has requested under the terms of The Policy as a result of the death of David Ballinger.

168.    Defendants have breached the terms of The Policy.

169.   Defendants, jointly and severally, owe Plaintiff $500,000 in death benefits under The Policy.

170.   Plaintiff hereby sues Defendants for breach of contract seeking a money judgement against the Defendants, jointly and severally, for all benefits she is due and owning under The Policy as a result of the death of David Ballinger, including $500,000 in death benefits, as well all reasonable and necessary attorney's fees and costs and expenses required to institute and pursue this lawsuit.

## VII.
## Count II – Breach of Duty of Good Faith and Fair Dealing

171.   Plaintiff incorporates by reference the allegations made in paragraphs 28 through 155 above as if fully set forth herein.

172.    In the handling of Plaintiff's claim for benefits under the Policy, Defendant **The Prudential Insurance Company of America** had actual awareness that it owed Plaintiff a duty of good faith and fair dealing.

173.    In the handling of Plaintiff's claim for benefits under the Policy, Defendant **Pruco Life Insurance Company** had actual awareness that it owed Plaintiff a duty of good faith and fair dealing.

174.    In the handling of Plaintiff's claim for benefits under the Policy, Defendant **The Prudential Insurance Company of America** had actual awareness that it failed to handle such claim in the time frame required by and set forth in Louisiana law.

175.    In the handling of Plaintiff's claim for benefits under the Policy, Defendant **Pruco Life Insurance Company** had actual awareness that it failed to handle such claim in the time frame required by and set forth in Louisiana law.

176.    In the handling of Plaintiff's claim for benefits under the Policy, Defendant **The Prudential Insurance Company of America** had actual awareness that, in order to rescind The Policy, it must have proof and evidence that David Ballinger, not by accident or mistake, but intentionally misrepresented material facts in the application process related to The Policy.

177.    In the handling of Plaintiff's claim for benefits under the Policy, Defendant **Pruco Life Insurance Company** had actual awareness that, in order to rescind The Policy, it must have proof and evidence that David Ballinger, not by accident or mistake, but intentionally misrepresented material facts in the application process related to The Policy.

178.    At the time of denying Plaintiff's claim for benefits under the Policy, Defendant **The Prudential Insurance Company of America** had actual awareness that it did not possess any proof or evidence that David Ballinger was intentionally trying to misrepresent material facts in the application process related to The Policy.

179.    At the time of denying Plaintiff's claim for benefits under the Policy, Defendant **Pruco Life Insurance Company** had actual awareness that it did not possess any proof or evidence that David Ballinger was intentionally trying to misrepresent material facts in the application process related to The Policy.

180.    In the handling and denial of Plaintiff's claim for benefits under the Policy, Defendant The Prudential Insurance Company of America breached its duty of good faith and fair dealing it owed to Plaintiff which proximately caused Plaintiff actual damages.

181.    Plaintiff hereby formally sues Defendants seeking a money judgment against Defendants, jointly and severally, for the actual damages Plaintiff has sustained as a result of Defendants' breach of their duty of good faith and fair dealing.

## VIII.
## PRAYER

**WHEREFORE**, Plaintiff demands a money judgment against Defendants, jointly and severally, in the amount as follows:

A.    For all benefits due and owning Plaintiff under The Policy as a result of the death of David Ballinger, including Five Hundred Thousand Dollars ($500,000) in death benefits;

B.    For all actual damages sustained by Plaintiff for Defendants' failure to handle her claim for benefits under The Policy in good faith;

C.  For eight percent (8%) per annum of Five Hundred Thousand Dollars ($500,000) in death benefits under The Policy from June 25, 2015 until such amount is paid to Plaintiff;

D.  For all reasonable and necessary attorney's fees and expenses required in pursuing this lawsuit;

E.  For an award of prejudgment interest in the maximum amount allowed by law;

D.  For costs incurred;

F.  For such other and further relief as the Court deems appropriate.


DATE:  July 21, 2016.

Respectfully submitted,


*s/ Michael E. Heygood*
MICHAEL E. HEYGOOD
State Bar No. 00784267
michael@hop-law.com
JAMES CRAIG ORR, JR.
State Bar No. 15313550
jim@hop-law.com
**HEYGOOD, ORR & PEARSON**
6363 North State Highway 161, Suite 450
Irving, Texas 75038
(214) 237-9001
(214) 237-9002 (fax)
**ATTORNEYS FOR PLAINTIFF**