IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CYNTHIA PAULS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-2116-M-BN |
| | § | |
| THE PRUDENTIAL INSURANCE | § | |
| COMPANY OF AMERICA and | § | |
| PRUCO LIFE INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>[1]

Defendants The Prudential Life Insurance Company of America ("Prudential") and Pruco Life Insurance Company ("Pruco") (collectively, "Defendants") have filed an Amended Motion to Quash and Motion for Protective Order. *See* Dkt. No. 28. All discovery matters in this case have been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. *See* Dkt. No. 24.

Plaintiff Cynthia Pauls and Defendants then filed a Joint Report that explained that they had been "able to report that many of the issues in dispute [on Defendants' Motion to Quash and Motion for Protective Order [Dkt. No. 23] (the "Original MPO")]

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

have been resolved amicably by agreement" other than those at issue in the Amended Motion to Quash and Motion for Protective Order [Dkt. No. 28] (the "MPO"). In the MPO, Defendants request that the Court enter an order properly limiting the scope of the depositions of Pruco Life Insurance Company corporate representative, quashing the deposition of Nancy Opdyke, and entering an appropriate protective order.

Plaintiff then filed a response to the MPO, *see* Dkt. No. 30, and, after the Court terminated the Original MPO as moot, *see* Dkt. No. 31, Defendants filed a reply in support of their MPO, *see* Dkt. No. 33.

The Court heard oral argument on the MPO on October 28, 2016. *See* Dkt. No. 34.

For the reasons and to the extent explained below, the Court GRANTS in part and DENIES in part Defendants The Prudential Life Insurance Company of America and Pruco Life Insurance Company's Amended Motion to Quash and Motion for Protective Order [Dkt. No. 28].

## Background

In the MPO, "Defendants seek to quash and seek a protective order regarding two separate Notices of Depositions, including the 30(b)(6) deposition of Pruco Life Insurance Company, because: (1) Plaintiff's amended corporate representative deposition notice improperly expanded the areas of testimony and added a duces tecum; (2) the corporate representative topics are vague and not limited in time; and (3) Plaintiff has still failed to withdraw the Opdyke deposition notice." Dkt. No. 28 at 1. According to Defendants, "[o]nly after Defendants were forced to file a motion to

quash did Plaintiff's counsel agree to the date and location of the deposition of the Pruco corporate representative. Despite efforts to narrow the scope of disputes regarding the corporate representative topics, Plaintiff's counsel issued a new notice not only expanding the scope of the topics, but adding a duces tecum that is inconsistent with the parties' agreement and places an unnecessary burden on Defendant." *Id.*

Plaintiff responds that, in her Amended Notice of Intention to Take Videotaped Oral Deposition Duces Tecum of Pruco Life Insurance Company, which notices Pruco's corporate representative deposition for November 30, 2016, *see* Dkt. No. 28-2 (the "Amended Pruco Notice"), Plaintiff has limited the topics of requested testimony of Defendant Pruco, including (exactly as Defendants' counsel requested) specifically including limiting date restrictions for the vast majority of the requested topics" and that "all of the topics requested by Plaintiff are appropriate and all of Defendants' objections to such should be overruled," Dkt. No. 30 at 2-3. Plaintiff also explains that she "included a duces tecum in her Amended [Pruco] Notice – a deposition notice that was issued fifty-one (51) days in advance of the agreed-upon deposition date"; that "Plaintiff never agreed not to include a duces tecum in her amended deposition notice"; that "[f]ederal law specifically allows Plaintiff the right to request a deponent to bring documents to a deposition"; and that "Plaintiff has done so." *Id.* at 3. According to Plaintiff, this Rule 30(b)(6) "deposition will be about the Ballinger Policy and the Pauls Claim and Plaintiff wants to insure that the relevant documents are present at the deposition so they can be properly discussed and cross-examined – which is Plaintiff's

right (not to mention the custom and practice of bad faith insurance policy litigation)," and "[s]uch request is not improper or unduly burdensome." *Id.*

Finally, Plaintiff reports that she "has entered into a formal written agreement with Defendants to withdraw the deposition notice of Nancy Opdyke" and "and has formally withdrawn the deposition notice of Nancy Opdyke pursuant to such agreement." *Id.* at 2. Plaintiff contends that she "has no idea why Defendants have suggested to this Court that Plaintiff has not withdrawn this deposition notice," where "Plaintiff has fully and completely withdrawn the deposition notice of Nancy Opdyke and there is no issue regarding the deposition of Nancy Opdyke being presented to the Court at this time." *Id.*

Although Defendants' reply reiterates their request for an order quashing the Opdyke deposition, Defendants do not otherwise address this matter in reply. *See* Dkt. No. 33 at 5. And, at oral argument, Defendants' counsel acknowledged that this issue is moot. The MPO will therefore be denied as moot as to the request to quash the notices deposition of Nancy Opdyke.

As to the Pruco Rule 30(b)(6) deposition topics, Defendants reply that "[m]ore than doubling the listed areas of examination is not a contraction of the overbroad nature of Plaintiff's Notice of Deposition demanding Pruco present a corporate representative prepared to testify about 'each and every document,' 'every person' and 'all policies and procedures' regardless of materiality or relevance to the issues in dispute" and that "[t]he sixty-eight areas of examination set forth in Plaintiff's Amended [Pruco] Notice [] should be sufficiently definite and narrowly tailored to the

relevant issues in dispute and the relevant time period to reasonably allow Pruco the opportunity to prepare and present an individual or individuals to speak on behalf of the company." Dkt. No. 33 at 1. And, Defendants contend, "nothing in Plaintiff's Response explains why Defendants should be required to produce the same documents twice"; that, "[s]ince the filing of this [MPO], Defendants have responded to Plaintiff's First Set of Request for Production and have produced documents in accordance with the parties' agreement set forth in their joint report"; and that "[t]here simply is no basis to require Defendants to produce the same documents again at the deposition." *Id.* at 5.

## Legal Standards

As amended effective December 1, 2015, Federal Rule of Civil Procedure 26(c)(1) authorizes protective orders, for good cause shown, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or allocation of expenses, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; (E) designating the persons who may be present while the discovery is conducted; (F) requiring that a deposition be sealed and opened only on court order; (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and (H) requiring that the parties simultaneously file specified

documents or information in sealed envelopes, to be opened as the court directs." FED. R. CIV. P. 26(c)(1); *see also Talon Transaction Technologies, Inc. v. StoneEagle Servs. Inc.*, No. 3:13-cv-902-P, 2014 WL 6819846, at *3 (N.D. Tex. Dec. 4, 2014) (explaining that, "'[w]hen a Rule 30(b)(6) deposition notice references multiple topics, the party named in the deposition notice must either move for a protective order regarding each topic or designate a person to testify regarding each topic'"; that "[f]ailing to appear and testify as to designated topics for a Rule 30(b)(6) deposition 'is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)'"; and that "a pending motion for protective order only protects a party from designating a witness to appear and testify as to the particular topics addressed in the pending motion" (quoting *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 142 (E.D. Tex. 2003); FED. R. CIV. P. 37(d)(2))).

"[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (citation omitted). A protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). And the United States Court of Appeals for the Fifth Circuit recently explained that "[t]he federal courts have superimposed a somewhat demanding balancing of interests approach to the Rule. Under the balancing standard, the district judge must

compare the hardship to the party against whom discovery is sought against the probative value of the information to the other party. Courts also weigh relevant public interests in this analysis." *Cazorla v. Koch Foods of Mississippi, L.L.C.*, ___ F.3d ___, No. 15-60562, 2016 WL 5400401, at *10 (5th Cir. Sept. 27, 2016) (footnotes and internal quotation marks omitted).

The Court has broad discretion in determining whether to grant a motion for a protective order. *See Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985). "The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Federal Rule of Civil Procedure 26(c)(3) provides that, in connection with a motion under Rule 26(c) for a protective order, Federal Rule of Civil Procedure "37(a)(5) applies to the award of expenses." FED. R. CIV. P. 26(c)(3).

The United States Court of Appeals for the Fifth Circuit has explained in this context of a Federal Rule of Civil Procedure 30(b)(6) deposition of a corporate representative:

> Rule 30(b)(6) is designed "to avoid the possibility that several officers and managing agents might be deposed in turn, with each disclaiming personal knowledge of facts that are clearly known to persons within the organization and thus to the organization itself." Therefore, the deponent "'must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed ... as to the relevant subject matters.'" "[T]he duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved." The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other

sources.

"Obviously it is not literally possible to take the deposition of a corporation; instead, ... the information sought must be obtained from natural persons who can speak for the corporation." Thus, a rule 30(b)(6) designee does not give his personal opinions, but presents the corporation's "position" on the topic. When a corporation produces an employee pursuant to a rule 30(b)(6) notice, it represents that the employee has the authority to speak on behalf of the corporation with respect to the areas within the notice of deposition. This extends not only to facts, but also to subjective beliefs and opinions. If it becomes obvious that the deposition representative designated by the corporation is deficient, the corporation is obligated to provide a substitute.

We agree with BRA that Cajun violated rule 30(b)(6) by failing to prepare Grigsby with respect to issues that although not within his personal knowledge, were within the corporate knowledge of the organization, such as whether BRA had presented a warranty claim to Cajun. At the very least, Cajun could have designated another witness with personal or corporate knowledge of the questions asked.

If the designated "agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all." *Resolution Trust* [*Corp. v. S. Union Co., Inc.*, 985 F.2d 196, 187 (5th Cir. 1993).] In *Resolution Trust* we affirmed sanctions against a party that possessed documents that plainly identified a witness as having personal knowledge of the subject of the deposition but did not furnish those documents or designate the witness until after it had designated two other witnesses with no personal knowledge.

*Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 432-34 (5th Cir. 2006) (footnotes and citations omitted).

Rule 30(b)(6) requires that a party seeking to depose an organization "must describe with reasonable particularity the matters for examination." FED. R. CIV. P. 30(b)(6) ("In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination.

The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. .... The persons designated must testify about information known or reasonably available to the organization."). "For Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute. Otherwise, an overly broad Rule 30(b)(6) notice may subject the noticed party to an impossible task. If the noticed organization cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible." *Hartford Fire Ins. Co. V. P & H Cattle Co.*, No. 05-cv-2001, 2009 WL 2951120, at *10 (D. Kan. Sept. 10, 2009).

Federal Rule of Civil Procedure 30(b)(2) provides: "If a subpoena duces tecum is to be served on the deponent, the materials designated for production, as set out in the subpoena, must be listed in the notice or in an attachment. The notice to a party deponent may be accompanied by a request under [Federal Rule of Civil Procedure] 34 to produce documents and tangible things at the deposition." FED. R. CIV. P. 30(b)(2). Federal Rule of Civil Procedure 34(b)(2)(A) provides that "[t]he party to whom the request is directed must respond in writing within 30 days after being served" but that "[a] shorter or longer time may be stipulated to under Rule 29 or be ordered by the court." FED. R. CIV. P. 34(b)(2)(A).

Finally, once discovery is authorized by rule, stipulation, or court order or because the parties have conferred as Federal Rule of Civil Procedure 26(f) requires,

"[u]nless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery." FED. R. CIV. P. 26(d)(2). "Rule 26(d) generally governs the sequencing of discovery unless the Court enters a protective order under Rule 26(c) or another order governing the sequence of conducting discovery under Federal Rule of Civil Procedure 16(b) or 26(d) or the parties make a stipulation under Federal Rule of Civil Procedure 29. Absent a court order providing otherwise or a binding stipulation, Rule 26(d)(2)(A) generally dictates that Plaintiffs may seek information through an interrogatory even if Defendant believes the subject matter would be better explored through a deposition." *Heller*, 303 F.R.D. at 493.

But "Rule 26(d) gives [the] court wide discretion to craft flexible and nuanced terms of discovery." *Cazorla*, 2016 WL 5400401, at *18 (footnote omitted); *accord Celanese Corp. v. Clariant Corp.*, No. 3:14-cv-4165-M, 2015 WL 9269415, at *4 (N.D. Tex. Dec. 21, 2015) ("Regardless of whether North Carolina or Texas law applies to Celanese's claim in this case, to establish the reasonableness of the defense costs that Celanese incurred in the Courtaulds Cases and the Selby Site Litigation, Clariant made clear at oral argument that it primarily wants access to these documents to determine if additional settlement offers or demands were made to Celanese in those cases that might not be reflected in documents already produced, whether Celanese accepted or rejected those demands, and, if any demand was rejected, why Celanese rejected it. As the Court discussed with counsel at oral argument, that information can

best be obtained in the first instance by an interrogatory to Celanese asking for precisely that information, which, subject to any proper objections, *see generally Heller v. City of Dallas*, 303 F.R.D. 466 (N.D. Tex. 2014), Celanese would be obligated to pull together into a verified answer by reviewing all sources of responsive information reasonably available to it (including these documents at issue on this motion), and as to which Clariant could then, if appropriate, take a follow-on deposition."). And, "while, as a general matter, under Rule 26, a party may seek discovery through any permitted method in any sequence, ... 'there's certainly case law where there are some kinds of contention interrogatories where courts have felt that, in their discretion, they could say it ought to be a deposition instead, like a 30(b)(6) deposition.'" *Heller*, 303 F.R.D. at 493 (citing *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998) (sustaining objections to contention interrogatories where "[o]ther discovery procedures, such as depositions and production of documents, better address whatever need there be for [any] kind of [requested] secondary detail")).

## Analysis

### I.   Deposition topics

"Pruco objects to, moves to quash, and seeks a protective order because the corporate representative topics identified in the Amended Pruco Notice are overly broad, unduly burdensome, and fail to describe the topics for testimony with reasonable particularity," and Pruco contends that "[t]he Amended Pruco Notice contains a number of extremely broad topics, many of which have little specificity and some have no discernable connection to Plaintiff's claims in this case" and that "[t]he

Amended Pruco Notice did not narrow any of Plaintiff's overly broad deposition topics and, in fact, added more objectionable topics." Dkt. No. 28 at 3-4.

Pruco explains that its "objections to the Amended Pruco Notice generally fall into the following categories: (1) Pruco objects to the deposition topics because they fail to describe with reasonable specificity the time period covered by the topics; (2) Pruco objects to the deposition topics because they are overly broad, unduly burdensome, vague, harassing, and fail to describe with reasonable specificity the subject matter of the questions to be asked and seek information beyond the matters in dispute." *Id.* at 4.

As to the first category, Pruco contends that "[f]ew of Plaintiff's proposed topics in the Amended Pruco Notice are limited in time, however the broadest request in particular contain no time limitation nor is the relevant time period defined within the deposition notice" and that "Pruco seeks protective order to narrow the time period if the corporate representative topics in the Amended Pruco Notice to the relevant time period in this case." *Id.* at 4.

As to the second category, Pruco asserts that the 68 topics of examination are overly broad, unduly burdensome, and seek deposition testimony from Pruco that is properly directed to third parties [Topic Nos. 1, 14, and 19] and, more specifically, that "Defendants object [(1)] to the deposition topics in the Amended Pruco Notice that seek testimony regarding undefined sets of documents" [Topic Nos. 4, 6, 7, 9, 10, 32, 39-44, and 54-55], (2) "to the deposition topics in the Amended Pruco Notice that seek testimony regarding undefined groups of people" [Topic Nos. 12, 15, 18, 33, and 53], (3)

-12-

"to the deposition topics in the Amended Pruco Notice that seek discovery of information related to Pruco's issuance of insurance policies generally without any limitation" [Topic Nos. 21, 22, 23, 24, 25, 26, and 37], and (4) "to the deposition topics in the Amended Pruco Notice that seek Pruco's testimony regarding its interpretation of Louisiana law and corresponding claim handling procedures" [Topic Nos. 45, 46, 47, 48, and 58]. *Id.* at 4-7.

Finally, Pruco notes that Plaintiff seeks testimony regarding "[t]he relationship between the Prudential Insurance Company of America and Pruco Life Insurance Company" and asserts that "[t]his topic is impermissibly vague and not connected in any way to the Policy and Claim at issue." *Id.* at 7.

Plaintiff responds that all of the topics in the Amended Pruco Notice "are focused directly to the issues involved in this case"; that "[t]he Amended Notice does not expand the areas of inquiry from the original notice"; and that, "exactly as Defendants requested, the Amended [Pruco] Notice narrows the topics to very focused specific time frames and to the issues directly related to this lawsuit." Dkt. No. 30 at 4. And, Plaintiff contends, "there is not a single requested topic that is overly broad and not directly related to the specific issues in this case. Each such topic is described with very specific particularity. And while the Defendants suggest it is 'overly burdensome' to present a witness on some topics, it is hard to understand or see any burden placed upon Defendant Pruco at all and Defendants do not set forth what any particular burden may be. In addition (which goes hand-in-hand with not being able to understand exactly what the alleged burden on Defendants might be), Defendants have

failed to provide this Court with any evidence of any alleged burden – and by failing to do so has waived their burdensome objection." *Id.* at 6.

And Plaintiff reports that "most all of the topics set forth in the amended notice are greatly limited in time – the majority limited to only a few months" – and that "[t]here are only six (6) of the total of sixty-eight (68) requests that aren't limited to a very specific time in the request itself" and "those six (6) topics are topics that don't lend themselves to being date restricted." *Id.* at 7, 9. But, Plaintiff contends, "a simple elementary straight forward reading of these six (6) requests demonstrate that the requested topics are relevant, sufficiently focused and very specific to this lawsuit." *Id.* at 9.

Plaintiff further responds that "Defendants' objection that a few of the requested topics 'should not be directed to them but instead directed to a third party' is inappropriate, misplaced and simply not understood by Plaintiff's counsel" and that the Amended Pruco Notice "seeks what 'Defendant Pruco knows' not what third parties know." *Id.* "If Defendant Pruco knows something relevant that a third party did, that is fair game to be explored in deposition. If they do not have any such knowledge, then a simple 'We don't know' is a responsive appropriate answer in the deposition." *Id.*

As a preliminary matter, the Court is not persuaded by Defendants' contention that Plaintiff improperly expanded the topics of examination from the original notice to the Amended Pruco Notice and will deny the MPO on that basis.

At oral argument, the Court went through the categories of objections with counsel and clarified several matters, as reflected below.

Defendants' counsel reported at oral argument that Pruco is not pressing its objections to Topic Nos. 34 and 36 and confirmed that Pruco is no objecting to Topic Nos. 2, 3, 6, 7, 8, 9, 10, 11, 13, 28, 29, 30, 31, 35, 49, 50, 56, 57, 64, and 65. Defendants' counsel also clarified their understanding that, in the Amended Pruco Notice, Plaintiff is no longer seeking Rule 30(b)(6) representative testimony on Plaintiff on a broadly worded topic of "[t]he relationship between the Prudential Insurance Company of America and Pruco Life Insurance Company."

Defendants' counsel and Plaintiff's counsel confirmed an understanding, after discussion with the Court, that the scope of topics directed toward Defendants' insurance policies and claims handling procedures and understandings of Defendants' obligations under Louisiana law and a duty of good faith and fair dealing is limited to the policy, claim, and insured at issue in this case and similar policies and claims and insured of the same type or kind during the time frame applicable to the claim at issue in this case. With that understanding and the understanding that Pruco's representative as well as Plaintiff's counsel will have the benefit of Defendants' recently served answers to interrogatories and requests for production that Defendants contend overlap with many of the topics in the Amended Pruco Notice, the Court denies the MPO as to, and overrules Pruco's objections (including based on asking for improper legal opinions or misstating the governing legal standard) to, Topic Nos. 4, 5, 12, 15, 16, 17, 18, 20, 21, 22, 23, 24, 25, 26, 27, 32, 33, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 51, 52, 53, 54, 55, 58, 59, 60, 61, 62, and 68. With the agreed understanding explained above of the limited scope of the scope of the topics, and with

the particular limitations that the amended topics include on the documents at issue in the topics, the Court determines that these are appropriate matters for examination that Plaintiff has described with reasonable particularity in compliance with Rule 30(b)(6). Particularly in light of Defendants' counterclaim, Plaintiff is entitled to examine a corporate representative under oath regarding the documents that form the basis for Pruco's actions on (and denial of) the claim at issue and its counter-claim for rescission of the policy at issue as well as other aspects of Defendants' actions on that policy and understanding of its application for insurance and its insurance policy and the governing law and its legal obligations as to the claim and policy at issue. To the extent that Defendants have a different view of the governing legal standards as to the claims and defenses at issue in this case, Pruco's representative can appropriately qualify any answers, as necessary. The Court does not find that the topics are inappropriate for a Rule 30(b)(6) deposition or improperly ask Defendants to marshal their evidence or are so much more appropriately conveyed through an interrogatory answer or a request for production of documents that it is appropriate under Rule 30(d) to require Plaintiff to proceed first – or only – by way of interrogatories or requests for production.

At oral argument, Defendants' counsel acknowledged that most of the topics are not more specifically limited in their referenced time frame. Pruco's objections as to the time period covered by Topic No. 58 are sustained only insofar as the Court determines that the proper scope of examination under these topics is limited to the time frame applicable to the claim at issue in this case. Pruco's objection to the time period covered

by Topic No. 66 is overruled where the Court determines that the area of examination described by the topic is appropriate under Rule 26(b). To the extent that, as to Topic Nos. 41, 42, 43, 44, 46, 55, and 66, Pruco has raised a privilege or work product objection to the extent that these topics seek privileged information as the time period that they each cover includes a period after Defendant reasonably anticipated litigation, or, more specifically, served a demand letter on January 26, 2016, the Court determines that those privilege and work product concerns can be most appropriately addressed through objections to, and, as appropriate, instructions not to answer (in whole or in part), to particular questions at deposition under Federal Rule of Civil Procedure 30(c)(2).

The Court sustains in part Pruco's objections that the matters for examination under Topic No. 14 seek information within the control of third parties. The matters for examination under these topics will be limited to Pruco's knowledge of "medical exams Pruco (or someone on Pruco's behalf) requested be given to David Ballinger in connection with his application and/or the underwriting for the Ballinger Policy" and the information requested from or provided to Pruco as a result of the relevant work by third parties. The Court overrules Pruco's objections that the matters for examination under Topic Nos. 1 and 19 seek information within the control of third parties because those topics, as worded, are limited to Pruco's knowledge and the information that it has.

The Court overrules Pruco's objections to Topic Nos. 63 and 67, which the Court determines are appropriate matters for examination that Plaintiff has described with

reasonable particularity in compliance with Rule 30(b)(6). Plaintiff can appropriate ask Pruco's corporate representative about authorizations that Pruco possessed that purported to allow Pruco to obtain the medical records of David Ballinger and about the terms and provisions of a policy at issue in this case.

Except to the extent that the Court has granted the MPO and sustained Pruco's objections to particular topics in the Amended Pruco Notice, as discussed above, or to the extent that the disputes at issue in the MPO have been resolved by agreement, Defendants' MPO as to the Rule 30(b)(6) deposition topics is otherwise denied, and Pruco's objections to the topics in the Amended Pruco Notice are overruled.

II.   Duces tecum

In Pruco's objections to the Amended Pruco Notice, Pruco contends that the duces tecum in the Amended Notice "mirrors word for word Plaintiff's First Set of Request for Production, the responses to which are not yet due"; that "Pruco will respond to Plaintiff's First Set of Request for Production in accordance with the deadlines required by the Federal Rules of Civil Procedure" and "refers Plaintiff to such responses"; and that "Pruco objects to the production of documents at the deposition on the grounds that it is unreasonable and seeks to impose an unreasonable burden on Pruco to produce the same documents twice," where "[t]he parties expressly agreed in their joint report following the Rule 26(f) conference that responsive documents which are greater than fifty (50) pages would be produced in a bates-labeled electronic format," where "Defendant's Responses to the Requests for Production are due prior to the scheduled deposition," and where, "[s]ubject to its objections, the

non-privileged responsive documents will be produced in bates-labeled electronic prior to the deposition and Defendant Pruco should not be required to provide a duplicate set." Dkt. No. 28-5 at 19 of 21.

The Court agrees. "The notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition." Fed. R. Civ. P. 30(b)(2). Where the requesting party has already served the same Rule 34 requests on a party that it then includes in a duces tecum to a deposition notice to the same party for its corporate representative's Rule 30(b)(6) deposition, the party need only respond and produce the documents once. That will generally be, as here, in response to the originally served requests, where a duces tecum must, pursuant to Federal Rules of Civil Procedure 30(b)(2) and 34(b)(2)(A), afford the party deponent at least 30 days in which to respond. *See Gilbert v. E.I. Dupont De Nemours & Co.*, No. 3:15CV00988 (AWT), 2016 WL 3211682, at *3 (D. Conn. June 9, 2016); *Thomas v. WSFM, L.L.C.*, Civ. A. No. 07-1336, 2008 WL 821948, at *1 (E.D. La. Mar. 26, 2008). And so it is here.

Plaintiff's desire to have the deponent bring relevant documents to the deposition and not put Plaintiff to the burden of getting copies of what is reported to be 1,200 pages of document production to the deposition location does not change the analysis.

The Court grants Defendants' MPO as to the duces tecum and enters this protective order to preclude any further obligation by Pruco to comply with the duces tecum.

III.    <u>Award of expenses</u>

Under Rules 26(c)(3) and 37(a)(5), the Court determines that, under all of the circumstances presented here, Plaintiff and Defendants should bear their own expenses, including attorneys' fees, in connection with the MPO.

## Conclusion

For the reasons and to the extent explained above, the Court GRANTS in part and DENIES in part Defendants The Prudential Life Insurance Company of America and Pruco Life Insurance Company's Amended Motion to Quash and Motion for Protective Order [Dkt. No. 28].

SO ORDERED.

DATED: October 28, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE